■ STRESCON INDUSTRIES, INC., Respondent, v BOULEVARD MANOR, INC., et al., Appellants, and MANFRED E. DEMENUS CORP. et al., Respondents.—Order, Supreme Court, Bronx County, entered February 1, 1977, which granted the motion of Manfred E. Demenus Corp. to intervene in this action as a subsequent lienor and party defendant pursuant to section 62 of the Lien Law, unanimously affirmed. Defendants-respondents shall recover of appellants $40 costs and disbursements of this appeal. The constitutionality of article 2 of the Lien Law has been upheld in *Lilien v Portnow* (56 AD2d 785) and *Carl A. Morse, Inc. v Rentar Ind. Dev. Corp.* (56 AD2d 30). Further, the contention by defendants-appellants that section 62 of the Lien Law (art 3) is unconstitutional in that it violates due process of law, is insufficient to overcome the presumption of constitutionality. It is argued that the failure of this section to specifically provide for service of responsive pleadings, including bills of particulars, and for the conducting of pretrial disclosure, inherently prejudices the landowner. A reading of the statute demonstrates that the court retains under its terms sufficient discretion to ameliorate prejudice where it is demonstrated. The mere claim of prejudice is not enough. Section 62 of the Lien Law provides, *inter alia*, that "[u]pon *good cause shown,* the court must order [a lienor who has filed a notice of lien after the commencement of an action to foreclose or enforce a mechanics' lien] to be brought in by amendment. *If the application is made by any other party* in said action to make such lienor or other person a party, the court *may in its discretion* direct such lienor or other person to be brought in by like amendment * * * The *action shall be so conducted by the court as not to cause substantially any delay* in the trial thereof." (Emphasis supplied.) It is clear, therefore, that the court retains under the statute sufficient control of the action to frustrate defendants-appellants' abstract claim that the section is violative *on its face* of due process. In conclusion, we note that defendants-appellants were afforded an opportunity by Trial Term to obtain disclosure with respect to the intervenor, Manfred E. Demenus Corp. Leave is granted to defendants-appellants to apply to Trial Term for dates and time to conduct disclosure as to said intervenor. Concur —Lupiano, J. P., Birns and Markewich, JJ.; Silverman, J., concurs in the following memorandum: I agree with what has been said. In addition, I have serious doubts whether appellants are even in a position to raise the issue of constitutionality in this court. To begin with, the appeal is simply from an order allowing a party to intervene in an action. Constitutionality of the mechanic's lien statute is not necessarily involved in such an order. And appellants did not raise the issue of constitutionality in the Supreme Court. There is even question whether the appeal is properly before this court. The order appealed from, although granted on notice to and with the consent of plaintiff, was entered without notice to appellants. It is thus ex parte as to appellants. Under familiar principles, a party may not appeal from an ex parte order, but must first move to vacate the ex parte order, and if that is denied, appeal will lie from that denial. There was no motion to vacate, and there is no order denying such a motion. As a result, there were apparently no papers in the Supreme Court in opposition to the intervention.